UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD,[1]<br><br>                     Plaintiff,<br><br>       v.<br><br>CDCR, et al.,<br><br>                     Defendants. | No.  1:22-cv-00930 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY PLAINTIFF'S IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 20, 2024** |
| SUTEN BLACKGOLD,<br><br>                     Plaintiff,<br><br>       v.<br><br>HARMON,<br><br>                     Defendant. | No.  1:23-cv-00782 GSA (PC)<br><br>ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY PLAINTIFF'S IN FORMA PAUPERIS STATUS SHOULD NOT BE REVOKED PURSUANT TO 28 U.S.C. § 1915(G)<br><br>PLAINTIFF'S SHOWING OF CAUSE DUE **FEBRUARY 20, 2024** |

---

[1] A review of court records indicates that Plaintiff also goes by the name "Mitchell Quentin Grady." See Blackgold v. Madison, 3:23-cv-01740 JLS DDL (S.D. Cal. Nov. 14, 2023) (docket case caption).  Accordingly, the Clerk of Court will be ordered to list this name as an "also known as" identifier in the case captions of each of the above-referenced dockets.

1

1    Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed these civil
2 rights actions seeking relief under 42 U.S.C. § 1983.  The matters were referred to a United States
3 Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

4    Both of the matters referenced in the case caption of this order are at the screening stage
5 of the proceedings.  For the reasons stated below, Plaintiff will be ordered to show cause why his
6 in forma pauperis status should not be revoked pursuant to 28 U.S.C. § 1915(g) in each of the
7 above-referenced cases and he be required to pay the filing fees in each in full prior to proceeding
8 further in them.  In the alternative, he will be given the option of paying the filing fees for these
9 two matters in full.

10   I.    CASES AT ISSUE

11   The cases for which Plaintiff will be ordered to file a showing of cause are:  (1) Blackgold
12 v. CDCR, No. 1:22-cv-00930 GSA ("CDCR"), and (2) Blackgold v. Harmon, No. 1:23-cv-00782
13 GSA ("Harmon").  Both of these cases were brought[2] *after* Plaintiff had had at least three cases
14 that had been adjudicated and dismissed on the grounds that they were frivolous, malicious, or
15 failed to state a claim upon which relief could be granted – or the functional equivalent – under
16 the law, and Plaintiff was not in imminent danger of serious physical harm when he brought the
17 above referenced cases.  As a result, as established herein, Plaintiff's in forma pauperis status in
18 these two cases was improperly granted and must be vacated in order to comply with 28 U.S.C. §
19 1915(g).

20   II.   IN FORMA PAUPERIS STATUS

21   "[In forma pauperis] status is not a constitutional right."  Rodriguez v. Cook, 169 F.3d
22 1176, 1180 (9th Cir. 1999) (brackets added); Smart v. Heinze, 347 F.2d 114, 116 (9th Cir. 1965)
23 ("To proceed in forma pauperis is a privilege not a right.").  The grant or refusal of permission to
24 proceed in forma pauperis is left to the sound discretion of the district court.  Smart, 347 F.2d at
25 116 (citing Weller v. Dickson, 314 F.2d 598 (9th Cir. 1963)).  The latitude given a district court
26 in such matters is especially broad in civil actions by prisoners against their wardens and other

---

27 [2] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a
28 complaint and request to proceed in forma pauperis to the court."  O'Neal v. Price, 531 F.3d 1146, 1152 (9th Cir. 2008).

2

officials.  Smart, 347 F.2d at 116 (footnote citation omitted); Shobe v. People of State of California, 362 F.2d 545, 546 (9th Cir. 1966) (citing Smart).  An inmate's in forma pauperis status may be revoked at any time if the court, either sua sponte or on a motion, determines that the status was improvidently granted.  Keeton v. Marshall, No. CV 17-01213 FMO (KS), 2018 WL 4381543, at *6 (C.D. Cal. June 8, 2018) (citation omitted); Owens v. Matthews, No. CV 16-07755 JFW (KS), 2017 WL 603183, at *2 (C.D. Cal. Jan. 6, 2017) (stating same).

    III.    THREE STRIKES RULE:  28 U.S.C. § 1915(g)

28 U.S.C. § 1915(g) states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"It is well-settled that, in determining a [Section] 1915(g) 'strike,' the reviewing court looks to the dismissing court's action and the reasons underlying it."  Knapp v. Hogan, 738 F.3d 1106, 1109 (9th Cir. 2013) (brackets added) (citation omitted).  "[Section] 1915(g) should be used to deny a prisoner's in forma pauperis status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim."  Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2006) (brackets added).  "[W]hen a district court disposes of an in forma pauperis complaint 'on the grounds that [the claim] is frivolous, malicious, or fails to state a claim upon which relief may be granted,' such a complaint is 'dismissed' for purposes of § 1915(g) even if the district court styles such dismissal as denial of the prisoner's application to file the action without prepayment of the full filing fee."  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008) (second alteration in original).  Dismissal also counts as a strike under § 1915(g) "when (1) a district court dismisses a complaint on the ground that it fails to state a claim, (2) the court grants leave to amend, and (3) the plaintiff then fails to file an amended complaint"

regardless of whether the case was dismissed with or without prejudice. Harris v. Mangum, 863 F.3d 1133, 1142-43 (9th Cir. 2017).

An inmate who has accrued three strikes is precluded from proceeding in forma pauperis unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). To satisfy the exception, the plaintiff must have alleged facts that demonstrate that he was "under imminent danger of serious physical injury" at the time of filing the complaint. Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[I]t is the circumstances at the time of the filing of the complaint that matters for purposes of the 'imminent danger' exception to § 1915(g)."); see also Abdul-Akbar v. McKelvie, 239 F.3d 307, 312-14 (3rd Cir. 2001); Medberry v. Butler, 185 F.3d 1189, 1192-93 (11th Cir. 1999); Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998); Lipsey v. Allison, No. 1:21-cv-00912 GSA, 2021 WL 2390424, at *3 (E.D. Cal. June 11, 2021) ("The availability of the imminent danger exception turns on the conditions a prisoner faced at the time the complaint was filed, not at some earlier or later time.").

The danger faced by a prisoner at the time of filing must be imminent or ongoing. See, e.g., Medberry, 185 F.3d at 1193 (finding plaintiff was not in either imminent or ongoing danger and denying him ability to proceed in forma pauperis as three strikes litigant). "Imminent danger of serious physical injury must be a real and present threat, not merely speculative or hypothetical." Lipsey, 2012 WL 2390424, at *3; Blackman v. Mjening, No. 1:16-cv-01421 LJO GSA, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). In addition, "the imminent danger exception to the [Prison Litigation Reform Act's] three-strikes provision requires a nexus between the alleged imminent danger and the violations of law alleged in the complaint." Ray v. Lara, 31 F.4th 692, 695 (9th Cir. 2022) (brackets added).

IV. PLAINTIFF'S PRIOR STRIKES[3]

---

[3] For the record, the Court takes note that recently in the Southern District of California, Plaintiff was also formally identified as a three strikes litigant. See Blackgold v. Madison, No. 3:23-cv-01740 JLS DDL (S.D. Cal. Nov. 14, 2023), ECF No. 3.

A review of court records reveals that at least three cases previously brought by Plaintiff qualify as strike under Section 1915(g). The Court takes judicial notice of the following lawsuits[4] previously filed by Plaintiff and dismissed on grounds listed in Section 1915(g) prior to him bringing the currently pending CDCR and Harmon cases:

- Blackgold v. Alonzo, No. 3:20-cv-01273 MMA WVG (S.D. Cal. July 16, 2021) (dismissed for failure to state a claim);
- Grady v. Wyatt, No. 3:20-cv-01631 AJB BGS (S.D. Cal. Jan. 7, 2021) (dismissed for failure to state a claim), and
- Grady v. Correa, No. 3:20-cv-01997 AJB JLB (S.D. Cal. Feb. 22, 2021) (dismissed for failure to state a claim).[5]

V. DISCUSSION

    A. The Two Current Matters Were Brought *After* Three Strikes Accrued

Plaintiff's CDCR case, the first of the two cases filed *after* Plaintiff had accumulated the three strikes above, was brought[6] on July 27, 2022. See CDCR, ECF No. 1 at 5; ECF No. 2 at 2

---

[4] The court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citation and internal quotation marks omitted) (collecting cases); Fed. R. Evid. 201(b)(2) (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

[5] Although these three cases are sufficient to establish that Plaintiff had enough strikes to require that he pay the filing fee in full *prior* to him bringing CDCR and Harmon, Plaintiff has two other recently adjudicated cases that are also strikes.

    The first is Grady v. Madden, No. 3:22-cv-00915 MMA WVG (S.D. Cal. Dec. 5, 2022) (dismissed as duplicative of Blackgold v. Alonzo, 3:20-cv-01273 MMA WVG (S.D. Cal. Dec. 5, 2022)). See Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (stating no abuse of discretion where court dismisses complaint under earlier version of Section 1915 that simply repeats pending or previously litigated claims); LeBlanc v. Asuncion, 699 F.App'x 762 (9th Cir. 2017) (referencing Cato on duplicative complaint as strike issue).

    The second is Blackgold v. Leyva, No. 1:23-cv-01252 BAM (E.D. Cal. Sep. 29, 2023) (voluntary dismissal after failure to state claim finding in screening order). See Harris, 863 F.3d at 1143 (stating prisoner may not avoid incurring strikes by declining to take advantage of opportunity to amend). However, because Madden and Leyva were both dismissed *after* CDCR and Harmon had been brought, they may not be counted in Plaintiff's strike calculation in this order.

[6] "[A] plaintiff has 'brought' an action for the purposes of § 1915(g) when he submits a complaint and request to proceed in forma pauperis to the court." O'Neal, 531 F.3d at 1152.

1  (signature dates of complaint and application to proceed in forma pauperis).[7]  Plaintiff's Harmon
2  case was brought on May 22, 2023.  See Harmon, ECF No. 1 at 7; ECF No. 2 at 2 (signature
3  dates of complaint and application to proceed in forma pauperis).  Because the above-referenced
4  strike cases were dismissed on Section 1915(g) grounds *before* CDCR and Harmon were brought
5  before the Court, as a three strikes litigant Plaintiff was required to pay the filing fee in full prior
6  to proceeding in them *unless*, at the time that he brought them, he alleged and made an adequate
7  showing that he was in imminent danger of serious physical harm.  See 28 U.S.C. § 1915(g)
8  (serious physical harm requirement).

B.  No Imminent Danger Alleged in Instant Cases

10        A review of the complaints in CDCR and in Harmon indicates that Plaintiff did not make
11  plausible allegations of imminent danger of serious physical harm in either of them.  See
12  generally CDCR, ECF No. 1.  In CDCR, Plaintiff alleges that Defendants engaged in conspiracy
13  and hate crimes and disregarded their duty to ensure that he was humanely treated in violation of
14  his due process rights when they endorsed fabricated reports levied against him.  CDCR, ECF No.
15  1 at 3-4.  In Harmon, Plaintiff alleges that he was retaliated against and subjected to hate speech
16  in violation of his right to equal protection when Defendant made a racialized comment to him
17  about the color of his shoelaces.  Harmon, ECF No. 1 at 4.

18        Because Plaintiff was not in imminent danger of serious physical harm when he brought
19  these two matters, Section 1915(g) precludes him from proceeding in them without first paying
20  the filing fees for each one in full.  See 28 U.S.C. § 1915(g).  Prior to ordering him to do so,
21  however, Plaintiff will first be directed to show cause why he was not a three strikes litigant
22  within the meaning of Section 1915(g) at the time that he brought CDCR and Harmon before this
23  Court.  In lieu of filing the showing of cause, Plaintiff will also be given the opportunity to pay
24  the filing fees in full for both cases.

---

[7] The signing date of a pleading is the earliest possible filing date pursuant to the mailbox rule. See Roberts v. Marshall, 627 F.3d 768, 769 n.1 (9th Cir. 2010) (stating constructive filing date for prisoner giving pleading to prison authorities is date pleading is signed); Jenkins v. Johnson, 330 F.3d 1146, 1149 n.2 (9th Cir. 2003), overruled on other grounds by Pace v. DiGuglielmo, 544 U.S. 408 (2005).

6

VI. CONCLUSION

Plaintiff is currently proceeding with in forma pauperis status in CDCR and Harmon, both of which are currently being considered by this Court. Prior to filing these cases Plaintiff had accumulated at least three strikes in previous cases within the meaning of 28 U.S.C. § 1915(g). In addition, a review of the CDCR and Harmon complaints indicates that when Plaintiff brought them, he did not allege plausible claims of imminent danger of serious physical harm. As a result he is required under Section 1915(g) to pay the filing fee in full for each of them prior to proceeding any further in them.

Plaintiff will be ordered to show cause why he should not have to pay the filing fee in full for the above two reference cases, Harmon and CDCR. In the alternative, he may pay the filing fees for each case in full. Plaintiff will be given thirty days to comply with the Court's order. Should Plaintiff fail to timely file showings of cause for these cases or fail to establish why he is not a three strikes litigant within the meaning of 28 U.S.C. § 1915(g), it will be recommended that his current in forma pauperis status in both of these cases be revoked.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to add "also known as Mitchell Quintin Grady" underneath Plaintiff's name in the case caption of the dockets in:

- Blackgold v. CDCR, No. 1:22-cv-00930 GSA, and
- Blackgold v. Harmon, No. 1:23-cv-00782 GSA;

2. Within thirty days – **February 21, 2024** – Plaintiff is ordered to SHOW CAUSE why his in forma pauperis status should not be REVOKED in:

- Blackgold v. CDCR, No. 1:22-cv-00930 GSA, and
- Blackgold v. Harmon, No. 1:23-cv-00782 GSA;

3. The showing of cause must be <u>one</u> pleading which addresses whether the following previously adjudicated cases are strikes within the meaning of 28 U.S.C. § 1915(g):

- Blackgold v. Alonzo, No. 3:20-cv-01273 MMA WVG (S.D. Cal. July 16, 2021);
- Grady v. Wyatt, No. 3:20-cv-01631 AJB BGS (S.D. Cal. Jan. 7, 2021), and
- Grady v. Correa, No. 3:20-cv-01997 AJB JLB (S.D. Cal. Feb. 22, 2021);

   4. Plaintiff must file the same, <u>one</u> showing of cause in the <u>CDCR</u> and <u>Harmon</u> cases and file them simultaneously, and

   5. As an alternative to Plaintiff filing the showing of cause, he may pay the filing fees in full in <u>Blackgold v. CDCR</u>, No. 1:22-cv-00930 GSA and <u>Blackgold v. Harmon</u>, No. 1:23-cv-00782 GSA.

**Plaintiff is cautioned that failure to adhere to the instructions in this order may result in recommendations that the matters be dismissed for failure to obey court orders. Plaintiff is further cautioned that absent exigent circumstances, requests for extensions of time to file the showings of cause will <u>not</u> be granted.**

IT IS SO ORDERED.

 Dated: **January 20, 2024**      **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE