UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUTEN BLACKGOLD, also known as MITCHELL QUINTIN GRADY,<br><br>          Plaintiff,<br><br>     v.<br><br>CDCR, et al.,<br><br>          Defendants. | Case No.: 1:22-cv-0930 JLT GSA<br><br>ORDER ADOPTING IN PART THE FINDINGS AND RECOMMENDATIONS, DISMISSING THE ACTION WITHOUT PREJUDICE, AND DIRECTING THE CLERK OF COURT TO CLOSE THE CASE<br><br>(Doc. 13) |

Suten Blackgold, also known as Mitchell Quintin Grady, seeks to hold the defendants liable for violations of rights while incarcerated at Kern Valley State Prison. (*See generally* Doc. 1.) Because Plaintiff failed to obey the Court's order, and failed to prosecute the action, the action is **DISMISSED** without prejudice.

**I.     Relevant Background**

Blackgold initiated this action by filing a complaint on July 27, 2022, seeking to hold the CDCR, the Warden at KVSP, and correctional officers at KSVP liable for hate crimes and violations of the right to due process. (Doc. 1 at 3-4.) Blackgold requested to proceed *in forma pauperis* in the action, and the Court granted the motion. (Docs. 2, 7.)

On January 22, 2024, the Court ordered Blackgold to show cause why the *in forma pauperis* status should not be revoked. (Doc. 11.) The Court observed that proceeding *in forma pauperis* "is not a constitutional right." (*Id.* at 2, quoting *Rodriguez v. Cook*, 169 F.3d 1176, 1180 (9th Cir. 1999).)

The Court found Blackgold is subject to the three-strike bar of 28 U.S.C. § 1915(g), because prior to filing this action, Blackgold filed "at least three cases … [that] qualify as a strike," including:

- *Blackgold v. Alonzo*, No. 3:20-cv-01273 MMA WVG (S.D. Cal. July 16, 2021) (dismissed for failure to state a claim);

- *Grady v. Wyatt*, No. 3:20-cv-01631 AJB BGS (S.D. Cal. Jan. 7, 2021) (dismissed for failure to state a claim); and

- *Grady v. Correa*, No. 3:20-cv-01997 AJB JLB (S.D. Cal. Feb. 22, 2021) (dismissed for failure to state a claim)

(Doc. 11 at 4-5.)  In addition, the Court found the imminent danger exception to Section 1915(g) does not apply, because Blackgold "did not make plausible allegations of imminent danger of serious physical harm…." (*Id.* at 6.)  Therefore, the Court ordered Blackgold to show cause why the permission to proceed *in forma pauperis* should not be revoked or to pay the filing fee. (*Id.* at 7.) The Court informed Blackgold that failure to comply "may result in recommendations that the matter[] be dismissed for failure to obey court orders." (*Id.* at 8, emphasis omitted.)

After Blackgold did not respond to the order to show cause, the magistrate judge found that "Plaintiff has not filed his showing[] of cause." (Doc. 13 at 2.)  The magistrate judge observed that, "Federal Rule of Civil Procedure 41 permits this Court to dismiss a matter if a plaintiff fails to comply with federal rules and/or he fails to obey a court order." (*Id.* at 3, citing Fed. R. Civ. P. 41(b).)  The magistrate judge also observed "Local Rule 110 also permits the imposition of sanctions when a party fails to comply with an order of this Court." (*Id.*)  Therefore, the magistrate judge recommended the matter "be dismissed for failure to obey" the Court's order. (*Id.*, emphasis omitted.)

The Court served the Findings and Recommendations and notified Blackgold that any objections were due within 14 days, or no longer than March 14, 2024. (Doc. 13 at 3.)  The Court advised Blackgold that the failure to file objections within the specified time may result in the waiver of rights on appeal. (*Id.* at 3-4, citing *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).)  Blackgold did not file objections, and the time to do so has passed.[1]

---

[1] The Court notes that though Blackgold was served with the Findings and Recommendations on February 29, 2024 – the same date as the Findings and Recommendations were issued – service was by mail, and consequently the identified objection period granted approximately 10 days to respond. The Court acknowledges this timeline was brief and permitted additional time for any objections to be filed prior to issuing this order.

According to 28 U.S.C. § 636(b)(1)(C), this Court performed a de novo review of this case. Having carefully reviewed the matter, the Court concludes the finding that Blackgold failed to comply with the Court's order is supported by the record. Importantly, however, the magistrate judge did not provide any analysis related to the propriety of terminating sanctions in this action, and the Court must do so. *See, e.g., Malone v. U.S. Postal Service*, 833 F.2d 128, 131-132 (9th Cir. 1987) ("The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." [citation omitted].)

**II.      Failure to Prosecute and Obey the Court's Orders**

The Local Rules, corresponding with Fed. R. Civ. P. 11, provide: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." LR 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action for a party's failure to prosecute an action or failure to obey a court order. *See*, *e.g*., *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); *Malone*, 833 F.2d at 130 (dismissal for failure to comply with a court order); *Henderson v. Duncan,* 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute).

**III.     Discussion and Analysis**

To determine whether to dismiss an action for failure to prosecute and failure to obey a Court order, the Court must consider several factors, including: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Henderson*, 779 F.2d at 1423-24; *see also Ferdik*, 963 F.2d at 1260-61; *Thomspon*, 782 F.2d at 831.

**A.      Public interest and the Court's docket**

In the case at hand, the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d

983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal"); *Ferdik*, 963 F.2d at 1261 (recognizing that district courts have inherent interest in managing their dockets without being subject to noncompliant litigants). This Court cannot, and will not hold, this case in abeyance based upon the failure to comply with the Court's order and failure to continue prosecution in a timely manner. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (a plaintiff has the burden "to move toward… disposition at a reasonable pace, and to refrain from dilatory and evasive tactics"). Thus, these factors weigh in favor of dismissal of the action.

### B.   Prejudice to Defendants

To determine whether the defendant suffer prejudice, the Court must "examine whether the plaintiff's actions impair the … ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131 (citing *Rubin v. Belo Broadcasting Corp.*, 769 F.2d 611, 618 (9th Cir. 1985)). Significantly, a presumption of prejudiced arises when a plaintiff unreasonably delays the prosecution of an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). Blackgold has not taken action to further the prosecution of the action, despite being ordered by the Court to show cause why the *in forma pauperis* status should not be revoked, or pay the filing fee. Therefore, this factor weighs in favor of dismissal of the action.

### C.   Consideration of less drastic sanctions

The Court "abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *United States v. Nat'l Medical Enterprises, Inc.*, 792 F.2d 906, 912 (9th Cir. 1986). However, a court's warning to a party that the failure to obey could result in dismissal satisfies the "consideration of alternatives" requirement. *See Malone*, 833 F.2d at 133; *Ferdik*, 963 F.2d at 1262. As the Ninth Circuit explained, "a plaintiff can hardly be surprised" by a sanction of dismissal "in response to willful violation of a pretrial order." *Malone*, 833 F.2d at 133.

In the "First Information Order," the Court informed Blackgold the failure to comply with its orders "will be grounds for imposition of sanctions which may include dismissal of the case." (Doc. 3 at 1, citing Local Rule 110, Fed. R. Civ. P. 41(b).) Again, in the order to show cause, the Court warned that failure to respond could result in a recommendation that the action "**be dismissed for failure to**

4

**obey court orders."** (Doc. 11 at 8, emphasis in original.) Importantly, the Court need only warn a party once that the matter could be dismissed for failure to comply to satisfy the requirements considering alternative sanctions. *Ferdik*, 963 F.2d at 1262; *see also Titus v. Mercedes Benz of North America*, 695 F.2d 746, 749 n.6 (3rd Cir. 1982) (identifying a "warning" as an alternative sanction). Accordingly, the warnings satisfied the requirement that the Court consider lesser sanctions, and this factor weighs in favor of dismissal of the action. *See Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424; *Titus*, 695 F.2d at 749 n.6.

### D. Public policy

Given Blackgolds's failure obey the Court's order and failure to prosecute the action, the policy favoring disposition of cases on their merits is outweighed by the factors in favor of dismissal. *See Malone*, 833 F.2d at 133, n.2 (explaining that although "the public policy favoring disposition of cases on their merits… weighs against dismissal, it is not sufficient to outweigh the other four factors").

### IV. Conclusion and Order

Blackgold failed to obey the Court's order and failed to prosecute this action. As set forth above, the factors identified by the Ninth Circuit support the imposition of terminating sanctions in this action. Thus, the Court **ORDERS**:

1. The Findings and Recommendations dated February 29, 2024 (Doc. 13) are adopted in part.
2. This action is **DISMISSED** without prejudice.
3. The Clerk of Court is **DIRECTED** to close the action.

IT IS SO ORDERED.

Dated:  **April 17, 2024**

*/s/ Jennifer L. Thurston*
UNITED STATES DISTRICT JUDGE